## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

FRED PALATO, as Executor de son Tort/
Personal Representative for the Pending
ESTATE OF DANIEL PALATO,

      Plaintiff,

v.                                         Case No.: 3:24-cv-00523

MICHELLE COOK, in her official capacity
as the Sheriff of Clay County, Florida;
DEPUTY NATHAN K. JONES;
DEPUTY TYLER R. GIEBEIG; and
LT. JERMAINE A. BOONE,

      Defendants.

_____ /

### DEFENDANTS' NOTICE OF REMOVAL

Defendants, MICHELLE COOK, in her Official Capacity as Sheriff of Clay County, Florida; DEPUTY NATHAN K. JONES; DEPUTY TYLER R. GIEBEIG; and LT. JERMAINE A. BOONE (collectively "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1441, 1443, 1446 and 1343, and M.D. Fla. Loc. R. 1.06, hereby file this Notice of Removal of an action pending in the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida, to the United States District Court, Middle District of Florida, Jacksonville Division and, in support state as follows:

1.      Defendants desire to exercise their rights under the provisions of 28 U.S.C. § 1331, *et seq.*, to remove this action from the Fourth Judicial Circuit in and for Clay County, Florida, where it is now pending under the name and style of:

*FRED PALATO, as Executor de son Tort/Personal Representative for the Pending ESTATE OF DANIEL PALATO v. MICHELLE COOK, in her official capacity as the Sheriff of Clay County, Florida; DEPUTY NATHAN K. JONES; DEPUTY TYLER R. GIEBEIG; and LT. JERMAINE A. BOONE, Case No. 2024-CA-362* (hereinafter referred to as the "State Court Action").

2.      The Complaint filed and served by Plaintiff on Defendants on or about May 3, 2024, contains Nine (9) counts as follows:

| | |
|---|---|
| **Count I:** | **42 U.S.C. § 1983 (Fourth Amendment - Excessive Force against Defendant Jones** |
| **Count II:** | **42 U.S.C. § 1983 (Fourth Amendment - Excessive Force against Defendant Giebeig** |
| **Count III:** | **42 U.S.C. § 1983 (Fourth Amendment - Excessive Force against Defendant Boone** |
| **Count IV:** | **42 U.S.C. § 1983 (Fourth Amendment – Duty to Intervene against Defendant Jones** |
| **Count V:** | **42 U.S.C. § 1983 (Fourth Amendment – Duty to Intervene against Defendant Giebeig** |
| **Count VI:** | **42 U.S.C. § 1983 (Fourth Amendment – Duty to Intervene against Defendant Boone** |
| **Count VII:** | **State Negligence Wrongful Death against CCSO** |
| **Count VIII:** | **State Law Claim – Battery Wrongful Death against CCSO** |
| **Count IX:** | **42 U.S.C. § 1983 Liability against Sheriff Cook** |

3.      This Court has federal question jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims (Counts I – VI and IX) and has supplemental jurisdiction over Plaintiff's state law claims (Counts VII and VIII).

4.      Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. Loc. R. 1.06, copies of the Complaint as well as all other process, pleadings, orders on file, and any other paper docketed in the State Court Action to date are attached to this Notice of Removal as **"Exhibit 1."**  To the undersigned's knowledge, no other papers or pleadings have been filed in the State Court Action other than those attached hereto.

5.      In accordance with the requirements of 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal is filed within 30 days of the service on the Defendants of Plaintiff's Complaint.

6.      Venue in this District and Division is proper for purposes of removal under 28 U.S.C. § 1441(a), and Defendants are entitled to remove the State Court Action to this Court, such being the district and division where the suit is currently pending.

7.      Pursuant to 28 U.S.C. § 1446(d), written and electronic notice of filing this Notice of Removal will be served upon Plaintiff's Counsel.  A true copy of this Notice of Removal will also be filed with the Clerk of the Circuit Court of the Fourth Judicial Circuit in and for Clay County, Florida, as required by law.  Id.

## Removal Based on Federal Question Jurisdiction

8.    Unless specifically prohibited by an act of Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court possesses original jurisdiction over this civil action, because it involves a federal question under 28 U.S.C. § 1331. More specifically, Plaintiff's Complaint alleges violations of 42 U.S.C. § 1983.

## Removal of Supplemental State Law Claims

9.    The state law claims are properly removable because they arise from a common nucleus of operative facts. United Mine Workers of Am. V. Gibbs, 383 U.S. 715, 725 (1966). Further, this Court has supplemental jurisdiction over the state law claims, because they are so related to the federal law claims over which federal question jurisdiction exists that they "form part of the same case or controversy." See 28 U.S.C. § 1367(a). This action does not fall within the exceptions to supplemental jurisdiction outlined in 28 U.S.C. § 1367(b) and (c).

10.    The test developed by the Eleventh Circuit when determining whether a state law claim forms part of the same case or controversy as a federal claim asks whether the claims "arise from the same facts, or involve similar occurrences, witnesses or evidence." Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir.1996) (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1566 (11th

4

Cir.1994)).  Like his claims under 42 U.S.C. § 1983, Plaintiff's state law claims arise from the same occurrences and are about the same actions or inactions in dispute.

11.    Accordingly, the requirements to remove both the 42 U.S.C. § 1983 and state law claims are satisfied.

WHEREFORE, Defendants, MICHELLE COOK, in her Official Capacity as Sheriff of Clay County, Florida; DEPUTY NATHAN K. JONES; DEPUTY TYLER R. GIEBEIG; and LT. JERMAINE A. BOONE, respectfully request that this action be removed to this Court and that this Court accept jurisdiction of this action, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

Respectfully submitted,

*/s/ Dawn P. Whitehurst*
**MICHAEL P. SPELLMAN**
**(Lead Counsel)**
Florida Bar No. 0937975
Email: mspellman@sniffenlaw.com
**DAWN POMPEY WHITEHURST**
Florida Bar No. 794546
Email: dwhitehurst@sniffenlaw.com
**CHRISTEN A. PETRUZZELLI**
Florida Bar No. 1039528
Email: cpetruzzelli@sniffenlaw.com

5

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida  32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Attorneys for Defendants*
*Sheriff Michelle Cook,*
*Deputy Nathan K. Jones,*
*Deputy Tyler R. Giebeig, and*
*Lt. Jermaine A. Boone*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  23rd  day of May, 2024, a true and correct

copy of the foregoing document was electronically filed in the United States District

Court for the Middle District of Florida, Jacksonville Division, using the CM/ECF

system, which will send a notice of electronic filing to all counsel of record.

/s/ Dawn P. Whitehurst
**DAWN POMPEY WHITEHURST**

6